**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2011

Lyle W. Cayce
Clerk

No. 10-51157
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEVALE NEHEMIAH WELDON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-201-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Levale Nehemiah Weldon pleaded guilty without the benefit of a plea agreement to aiding and abetting the possession with intent to distribute five grams or more of crack. The district court imposed a 78-month prison sentence, in the middle of the guidelines range. On appeal, Weldon challenges only the increase to his offense level for obstruction of justice, arguing that the evidence was insufficient to support it. The district court determined that the adjustment was warranted based on a finding that Weldon attempted to escape from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

custody.  *See* U.S.S.G. § 3C1.1 & comment. (n.4(E)).  We review for clear error and will not reverse unless we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Cisneros*, 112 F.3d 1272, 1279 (5th Cir. 1997) (internal quotation marks and citation omitted).

While under arrest and in a police car, Weldon unbuckled his seatbelt and that of his codefendant.  Weldon asked his codefendant, among other things, whether the codefendant's window was down and whether a police officer had refastened the codefendant's seatbelt.  He also explained to the codefendant that the police officers might "pursu[e] a chase" and predicted that one of the two was "gonna get away."  Although  an officer eventually refastened the seatbelts, Weldon's conduct in unbuckling them together with his statements suggesting that he intended to escape provided sufficient support for the district court's finding that Weldon attempted to escape and thus obstructed justice.  *See* § 3C1.1 & comment. (n.4(E)).  The district court committed no clear error; accordingly, the judgment is AFFIRMED.